GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD.

v.

NATIONWIDE MUTUAL INSURANCE CO.

Civ. A. No. 80–219.

United States District Court, E. D. Pennsylvania.

Oct. 31, 1980.

Charles W. Craven and Robert G. Hanna, Jr., Philadelphia, Pa., for plaintiff.

Edward J. Marcantonio and William J. McKinley Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Plaintiff General Accident, Fire & Life Assurance Corporation, Ltd. ("General Accident") seeks in this action to establish that the defendant Nationwide Mutual Insurance Company ("Nationwide") was the primary insurer under its liability policy, and should therefore be required to reimburse plaintiff for sums paid by plaintiff in litigating and settling a claim. The facts are not in dispute.

General Accident insured Bob Dougherty Auto Repairs. Nationwide insured Grand Auto Sales, a used-car dealership. Dougherty Auto Repairs regularly provided repair and maintenance service for the used-car dealership. Usually, Grand Auto Sales delivered the vehicles in need of service to the repair shop, and picked them up at the repair shop. On the date in question, how-

ever, a vehicle which had just been repaired was being returned to Grand Auto Sales by an employee of Bob Dougherty Auto Repairs, when it struck and injured a pedestrian.

It is clear that, as a matter of tort law, the accident was caused by the negligence of the driver, whose negligence is imputed to his employer, insured by plaintiff. But that proposition does not provide the final answer to questions concerning the proper allocation of the liabilities of the respective insurance carriers under the pertinent policies.

The vehicle was owned by Nationwide's assured, which had plainly consented to its operation by an employee of plaintiff's assured. Nationwide's policy defined "insured" to include not only the owner of the vehicle, but also persons operating the vehicle with the consent of the owner. On the other hand, it also included the standard "garageman's exclusion":

"IV. Persons Insured.

". . . None of the following is an insured

". . . (ii) any person or organization . . while acting within the scope of their duties . . . [as] independent contractors for the named insured."

Since the vehicle was being operated by an employee of an independent contractor at the time of the accident, it seems clear that the Nationwide policy was intended to provide no coverage in this situation.

The precise issue presented by the parties for decision in this case, asserted to be a matter of first impression in Pennsylvania, is whether the exclusion quoted above is valid and effective in view of the provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 Pa.C.S.A. § 1009.101 *et seq.* I am not persuaded, however, that that statute is really involved in this case.

The statute obligates owners of vehicles to provide security (normally, in the form of liability insurance) for "basic loss benefits" as defined in § 109.103, "added loss benefits," as defined therein by reference to § 1009.207. Neither of these terms includes "non-economic detriment," defined in § 1009.103, to include "pain, suffering, inconvenience, physical impairment, and other non-pecuniary damage recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle."

Article III of the statute abolishes tort liability, with certain exceptions. § 1009.-301. Subsection (5) provides:

"(5) A person remains liable for damages for non-economic detriment if the accident results in:

"(A) death or serious and permanent injury; or

"(B) the reasonable value of reasonable and necessary medical and dental services [is in excess of $750]."

I agree that Nationwide's garageman's exclusion runs into difficulty insofar as basic loss benefits and added loss benefits are concerned. The owner of a vehicle is required to maintain security for injuries arising out of "maintenance or use of a motor vehicle." As I read the exceptions to the definition of that term in § 1009.103, it would not help Nationwide in this situation:

"Maintenance or use of a motor vehicle does not include:

"(A) conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles *unless the conduct occurs off the business premises.*"

Here, the conduct of the employee of the repair business did occur off the premises. As I understand it, then, the owner of the vehicle was required to provide coverage for persons injured while the vehicle was being operated on a public street.

It may well be, however, that even with respect to basic and added loss benefits, the result would be merely the equal apportionment of the claim between General Accident and Nationwide, if it should turn out that General Accident was also obliged to provide security for such benefits. *See* § 1009.204(b); I express no view on that subject.

The decisive feature in the present case, as I see it, is that the claim which was litigated by the injured pedestrian, and settled by General Accident, was a claim for noneconomic detriment. With respect to such claims, the relationship between the assureds and their respective carriers remains unaffected by the no-fault statute. And it seems to be conceded that, but for the no-fault statute, the coverage afforded by plaintiff General Accident for liability resulting from the negligence of its assured was primary. Judgment will therefore be entered in favor of the defendant.

Defendant's application for counsel fees will be denied.